**[Cite as *State v. Clark*, 2020-Ohio-700.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                            Court of Appeals No. L-19-1068

      Appellee                                        Trial Court No. CR0201802028

v.

Dewan J. Clark                                          **DECISION AND JUDGMENT**

      Appellant                                       Decided:  February 28, 2020

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant appeals the March 19, 2019 judgment of the Lucas County Court

of Common Pleas that denied his presentence motion to withdraw his guilty plea.

Because the trial court did not abuse its discretion in denying the motion, we affirm.

{¶ 2} Appellant brings forth one assignment of error for our review:

The trial court abused its discretion when it overruled appellant's motion to withdraw his guilty plea.

**Facts**

{¶ 3} On June 6, 2018, appellant was indicted with one charge of having weapons while under disability, a felony of the third degree in violation of R.C. 2923.13(A)(3) and (B), one charge of carrying concealed weapons, a felony of the fourth degree in violation of R.C. 2923.12(A)(2) and (F), one charge of obstructing official business, a second-degree misdemeanor in violation of R.C. 2921.31(A) and (B), and one charge of resisting arrest, a second-degree misdemeanor in violation of R.C. 2921.33(A) and (D).

{¶ 4} On February 15, 2018, appellant was a passenger in a vehicle that was the subject of a traffic stop. When appellant exited the vehicle, he allegedly pushed the officer conducting the traffic stop and attempted to flee. The officer chased appellant and a scuffle ensued. During the scuffle, appellant's jacket was removed. After the altercation, other officers on the scene found a gun in appellant's jacket. A body camera captured the entire stop, including when the gun was found.

{¶ 5} On January 22, 2019, appellant and appellee, the state of Ohio, negotiated a plea agreement in which appellant would plead guilty to the charge of having weapons while under disability and the other charges would be dismissed. The parties agreed that appellant would receive a sentence of community control in return for his guilty plea. Appellant entered a guilty plea on January 22, 2019, during which the trial court ensured

2.

appellant's plea was knowing, voluntary, and intelligent under Crim.R. 11. Appellant was informed of the possible penalties, the rights he forfeited by pleading guilty, and was informed he would be subject to a term of discretionary postrelease control. The trial court stated on the record that it agreed with the sentence reached by the parties and agreed to impose community control. The trial court also stated on the record that if the presentence investigation report demonstrated that appellant could not be placed on community control, the court would permit appellant to withdraw his plea. When asked why he was pleading guilty to the charge, appellant responded "Because I did it." The trial court then ordered a presentence investigation to be conducted and set the matter for sentencing on March 5, 2019.

{¶ 6} On the day sentencing was to take place, appellant filed a pro se motion titled "Motion to Rescue Counsel" that was later stricken from the record by the trial court. This motion asked for appellant's attorney to be removed from the case because his attorney had a conflict of interest, because appellant did not receive full discovery, and he was innocent of the charges. This motion was filed about 45 days after entering his guilty plea.

{¶ 7} On March 8, 2019, appellant, with the assistance of counsel, filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Appellee objected to the motion. The trial court set a hearing on the motion on March 19, 2019, the same day that sentencing was set to continue.

3.

{¶ 8} On March 19, 2019, a hearing on the motion to withdraw guilty plea commenced. At this hearing, appellant raised concerns about the effectiveness of his trial counsel, maintained his innocence, and stated he was struggling with the unknown impact of this conviction on the pending custody case involving his son. Appellant stated he believed that he was deceived by his counsel because his counsel informed him that in the body camera footage, a gun may be seen, but when counsel and appellant watched the video together, no weapon can be seen. Appellant stated he was concerned about this particular charge because although he has an extensive criminal history, he had not been charged with a crime in several years.

{¶ 9} Appellee then placed the facts on the record it intended to present at trial and the court analyzed the motion using the test in *State v. Richey*, 6th Dist. Sandusky No. S-09-028, 2011-Ohio-280. The trial court found that the state would not be prejudiced by the withdrawal of the plea, that appellant was explained all of his rights under Crim.R. 11 when he entered his guilty plea, and that the trial court gave the motion a full and fair consideration. The trial court found that appellant had not received ineffective assistance of counsel after determining according to *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that counsel's representation was not deficient. The trial court found the timing of the motion suspect because the original pro se motion was filed on the same day that sentencing was to take place and 45 days after his original plea was entered. The trial court also found that no information was provided about the effect the plea would have on the outcome of appellant's pending custody case and that his

4.

statements of innocence did not rise to a complete defense of the charge. After weighing the factors, the trial court overruled the motion.

{¶ 10} Appellant was then sentenced to three years of community control with a 36-month sentence reserved. This timely appeal followed.

**Law**

{¶ 11} Pursuant to Crim.R. 32.1, a motion to withdraw a guilty plea may be made before the sentence is imposed. "A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph one of the syllabus. A trial court's decision granting or denying a presentence motion to withdraw a guilty plea is within the court's sound discretion and will not be overturned absent an abuse of discretion. *Id*. at paragraph two of the syllabus. "An abuse of discretion requires more than an error in judgment; the trial court's decision must be found to be unreasonable, arbitrary, or unconscionable." *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

> Factors that are weighed in considering a presentence motion to withdraw a plea include the following: (1) whether the state will be prejudiced by the withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) the extent of the hearing on the motion to withdraw; (5) whether the court gave full and fair

5.

consideration to the motion; (6) whether the timing of the motion was reasonable; (7) the reasons for the motion; (8) whether the defendant understood the nature of the charges and potential sentences; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge. *Richey*, 2011-Ohio-280 at ¶ 43, citing *State v. Thomas*, 7th Dist. Mahoning Nos. 96CA 223, 96 CA 225, 96 CA 226, 1998 WL 934645 (Dec. 17, 1998).

### Analysis

{¶ 12} Appellant argues that the trial court abused its discretion because it failed to inquire of appellant or counsel whether there was a possibility that appellant could plead no contest rather than guilty, as such a plea could not be used against him later. Appellant also argues that the trial court misapplied the *Richey* factors to the motion to withdraw his guilty plea.

{¶ 13} Appellant and his counsel never inquired on the record whether appellant could change his guilty plea to a plea of no contest during the proceedings below. We cannot find that the trial court abused its discretion by not independently suggesting to appellant that this was a possible resolution to his case. This is especially true following appellant's own statement at the plea hearing in which he admitted to the crime.

{¶ 14} Appellant's counsel and appellee negotiated a plea agreement on his behalf. Appellant then agreed that as part of the plea agreement he would be required to enter a guilty plea. Neither appellant or appellee suggested to the trial court on the record the

6.

suggestion to alter the guilty plea to a no contest plea. As such, the trial court did not abuse its discretion in failing to independently suggest that a no contest plea be entered.

{¶ 15} We next examine the trial court's resolution of each of the factors when determining whether to deny the motion to withdraw.

{¶ 16} *Whether the state will be prejudiced by withdrawal of the plea.* No evidence was presented by appellee that it would have been prejudiced if appellant had been permitted to withdraw his plea. Therefore, the trial court concluded that this factor weighed in favor of appellee.

{¶ 17} *Representation afforded to appellant.* The trial court found that appellant was represented by highly-competent counsel with many years of practice, including practice before the trial court. It is noted that counsel secured a favorable plea agreement in which appellant would receive an agreed upon sentence of community control and three of the four charges would be dismissed by the prosecutor. We also note that appellant stated on the record that he was satisfied with counsel's advice when he entered his guilty plea.

{¶ 18} *Extent of Crim.R. 11 hearing*. The trial court found that appellant was afforded a comprehensive Crim.R. 11 plea hearing and we agree with its assessment. Appellant was fully informed of his rights and the implications of his plea.

{¶ 19} *Extent of motion to withdraw hearing.* The trial court found that appellant received an extensive hearing on his motion to withdraw because appellant was permitted to give a statement to the court, appellant's counsel was permitted to make a statement,

7.

and appellee was permitted to argue against the motion. As such the trial court found that this factor also weighed in favor of denying the motion.

{¶ 20} *Whether the trial court gave full and fair consideration of the motion.* The trial court determined it provided appellant full and fair consideration of the motion because the appellee was permitted to file a written objection to the motion and the court considered arguments by both parties when ruling on the motion.

{¶ 21} *Whether timing of the motion was reasonable.* The trial court found that appellant's filing of the motion was "suspect" and unreasonable because his original pro se motion was not filed until the day that sentencing was to take place and 45 days after he entered his guilty plea. The trial court weighed this factor against appellant because it appeared that appellant merely had a change of heart when faced with the impending sentencing decision.

{¶ 22} *Reasons for the motion.* Appellant argued that the motion should be granted because he received ineffective assistance of counsel and he was unsure about the consequences of pleading guilty on his pending custody case. The trial court found that appellant received effective assistance of counsel and therefore that reason did not weigh in favor of granting his motion.

{¶ 23} As to the effect of the conviction on his custody case, the trial court was unconvinced this was a sufficient reason to withdraw his guilty plea because appellant already had an extensive criminal history which would affect the custody case, appellant provided no information about the possible negative effects a conviction may have, and

8.

appellant failed to bring these concerns forward when he entered his guilty plea. Because the trial court found that appellant failed to present a reasonable and legitimate reason to withdraw his guilty plea, it found this factor weighed in favor of denying the motion.

{¶ 24} *Whether appellant understood the nature of the charges and potential sentences.* At the plea hearing, it appeared that appellant understood all of the rights and consequences connected to entering his guilty plea. Appellant did not ask any questions and stated he understood the charges and the consequences of the plea agreement.

{¶ 25} *Whether appellant was not guilty or had a complete defense to the charge.* At the hearing on the motion to withdraw, appellant advocated for his innocence to the charge. This was in direct contradiction to appellant's statement on the record that he was guilty of the charge when he entered his guilty plea. Appellee presented evidence that had the matter continued to trial, appellee would have established appellant was seen wearing a certain jacket and that a gun was found in the same jacket. Because of appellant's previous statement and the evidence presented, the trial court weighed this factor against appellant as well.

{¶ 26} Upon review of the transcripts from the plea hearing, the sentencing hearing, and the hearing on the motion to withdraw as well as the trial court's detailed findings denying the motion, we find that on the whole, the factors weigh in favor of denying appellant's motion to withdraw his guilty plea. Appellant's statements and arguments demonstrate a mere change of heart rather than a reasonable and legitimate

9.

basis for withdrawing the plea.  Therefore, the trial court did not abuse its discretion in denying appellant's motion.

{¶ 27} Appellant's sole assignment of error is not well-taken.  Therefore, the judgment of the Lucas County Court of Common Pleas is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

_____
JUDGE

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.